IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY, | : : : : |
| *Plaintiff*, | : No. 1:25-cv-648-DLF : : |
| v. | : : : |
| UNITED STATES OF AMERICA, et al., | : : : |
| *Defendants*. | : : : |

**PROPOSED SCHEDULE REGARDING MOTION FOR A
TEMPORARY RESTRAINING ORDER**

Pursuant to the Court's March 6, 2025 Minute Order, the parties in the above-captioned action have met and conferred to discuss a proposed schedule regarding Plaintiff's Motion for a Temporary Restraining Order (Dkt. 5). The parties respectfully submit the following proposals for the Court's consideration.

**Defendants' Position**

After conferring with Plaintiff's counsel in an attempt to reach a mutually agreeable schedule, Defendants propose the following schedule:

- Opposition due 5pm on Thursday, March 13

- Reply due noon on Saturday, March 15

- Defendants defer to the Court on scheduling any hearing, but have no objection to and are available for a hearing on Monday, March 17

Defendants respectfully submit that this schedule—affording them less than seven full days to respond to Plaintiff's motion—is reasonable, given that undersigned counsel for Defendants did not learn of this lawsuit until earlier this morning, despite Plaintiff's alleged

1

harms beginning over a month ago. *See* TRO Mot. (ECF No. 5-1) at 9 (stating that "[t]he Endowment has not been able to withdraw funds from Treasury" since at least "January 28 and 30, 2025"). Given that Plaintiff had over a month to prepare its motion for emergency relief, affording Defendants seven days to respond to Plaintiff's motion—which is accompanied by a 42-page memorandum and close to 100 pages of declarations and other supporting exhibits—is far more equitable than Plaintiff's proposal below of less than four business days.

Contrary to Plaintiff's suggestion below, the Government should not be expected to provide an "assurance" about hypothetical future events to obtain a reasonable briefing schedule. Indeed, Plaintiff's expressed concern—that a potential future lapse in government appropriations might delay or interfere with implementation of any relief this Court might provide—depends on a hypothetical chain of events that the D.C. Circuit has made clear is "too speculative" to predict. *Leonard v. Dep't of Def.*, 598 F. App'x 9, 10 (D.C. Cir. 2015); *see also, e.g.*, *Am. Fed'n of Gov't Emps. v. Rivlin*, 995 F. Supp. 165, 166 (D.D.C. 1998), *aff'd sub nom. Am. Fed'n of Gov't Emps. v. Raines*, No. 98-5045, 1998 WL 545417 (D.C. Cir. July 15, 1998); *Nat'l Treasury Emps. Union v. United States*, 444 F. Supp. 3d 108, 116 (D.D.C. 2020). Likewise here, this Court should not enter a briefing schedule based on an inherently political prediction about whether Congress and the Executive will (or will not) enact certain funding legislation on a particular timeframe. Thus, Defendants respectfully request that the Court enter their proposed schedule, affording Defendants approximately seven days for their response.

**Plaintiff's Position**

Plaintiff the National Endowment for Democracy (Endowment) would ordinarily agree to Defendants' proposed schedule. However, it is possible that there will be a government shutdown beginning on March 15. The Endowment is concerned that a shutdown could impede

or delay Defendants' implementation of an injunction, threatening to extend the Endowment's irreparable harms.  Therefore, unless the government is able to provide an assurance that a shutdown would not prevent any timely payments required due to an order by this Court (and we understand that they may not be in a position to do so), the Endowment proposes the following schedule, which would allow the Court to enter a temporary restraining order with sufficient time for the Defendants to implement the injunction before any shutdown begins:

- Opposition due 5pm on Tuesday, March 11
- Reply due 5pm on Wednesday, March 12
- Parties available for a hearing on Thursday, March 13

Dated: March 6, 2025

Respectfully submitted,

/s/ Donald B. Verrilli, Jr.

| | |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General | Donald B. Verrilli, Jr. (D.C. Bar No. 420434)<br>Ginger D. Anders (D.C. Bar No. 494471)<br>Jeremy S. Kreisberg (D.C. Bar No. 1048346) |
| ALEXANDER K. HAAS<br>Director, Federal Programs Branch | Helen E. White (D.C. Bar No. 1741368)*<br>Esthena L. Barlow (D.C. Bar No. 90000252)*<br>MUNGER, TOLLES & OLSON LLP |

/s/    Daniel Schwei
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
JULIA A. HEIMAN
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 305-8693
Fax:   (202) 616-8460
Email: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Jeremy.Kreisberg@mto.com
Helen.White@mto.com
Esthena.Barlow@mto.com

Gabriel M. Bronshteyn (*pro hac vice* forthcoming)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
(415) 512-4000
Gabriel.Bronshteyn@mto.com

*\* admission pending*

*Attorneys for the National Endowment for Democracy*