IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY, | : : : : | |
| *Plaintiff*, | : : | No. 1:25-cv-648-DLF |
| v. | : : : | |
| UNITED STATES OF AMERICA, et al., | : : : | |
| *Defendants*. | : : | |

### JOINT MOTION TO HOLD TRO PROCEEDINGS IN ABEYANCE

Plaintiff the National Endowment for Democracy (Endowment) and Defendants United States of America, et al. (Defendants) jointly move this Court to hold proceedings on Plaintiff's Motion for a Temporary Restraining Order (Dkt. 5) in abeyance due to changed circumstances since the filing of that Motion and this Court's establishment of a schedule for its adjudication.

On March 6, 2025, the Endowment moved for a temporary restraining order that would prohibit Defendants and those they supervise from impounding or otherwise interfering with funds that Congress appropriated for the Endowment (Dkt. 5). The Endowment's memorandum in support of that motion explained that there was approximately $167 million in the Endowment's Treasury account, consisting of funds that the State Department had previously obligated to the Endowment, but the Endowment had not received any of those funds from that account despite making drawdown requests of approximately $97 million in late January. *See* Dkt. 5-1 at 8-9. The memorandum also identified approximately $72 million in additional funds that Congress had appropriated for the Endowment but that the State Department had not obligated to the Endowment. *See id.*

1

Later on March 6, 2025, this Court issued a minute order establishing a schedule for proceedings on the Endowment's motion for a temporary restraining order. Defendants' opposition was to be due by 5:00 p.m. on March 11; the Endowment's reply was to be due by 5:00 p.m. on March 12; and a hearing was scheduled for March 14.

Yesterday, on March 10, the Endowment received the approximately $97 million that it had previously requested in late January. Defendants have also represented that the relevant officials at the State Department are finalizing the Endowment's request to obligate the $72 million in funding that has been appropriated by Congress but not yet obligated to the Endowment by the State Department. Defendants currently expect that this obligation should be complete around the end of this week.

In light of these changed circumstances, the parties jointly submit that it is appropriate to hold proceedings on the temporary restraining order in abeyance. Specifically, the parties jointly move this Court to stay the briefing deadlines currently in place for Defendants' opposition and the Endowment's reply, as well as the hearing date currently set. As reflected in the proposed order accompanying this motion, the parties further propose that they jointly submit status reports to this Court every 10 days to inform the Court of any developments regarding the Endowment's funding and the parties' positions concerning the continued appropriateness of holding the Endowment's motion for a temporary restraining order in abeyance. The parties understand that, absent further order from the Court, the obligation to file such status reports continues whether or not there is a government shutdown.

Holding the motion for a temporary restraining order in abeyance will allow time to determine whether the Endowment in fact receives access to the ~$72 million in funds that the State Department is in the process of obligating (that is, the funds are obligated, transferred to the

Endowment's account, and available for drawdown in the ordinary course), as well as whether the Endowment has ordinary-course drawdown access to the ~$70 million that remains in its account following yesterday's payment of ~$97 million. Until the Endowment has those assurances, the Endowment believes the risk of irreparable harm remains. But the Endowment agrees that it is appropriate to hold proceedings in abeyance to inform whether further proceedings on its motion for a temporary restraining order are warranted at this time.

Dated: March 11, 2025

Respectfully submitted,

/s/ Donald B. Verrilli, Jr.

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

/s/   Daniel Schwei
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
JULIA A. HEIMAN
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 305-8693
Fax:   (202) 616-8460
Email: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

Donald B. Verrilli, Jr. (D.C. Bar No. 420434)
Ginger D. Anders (D.C. Bar No. 494471)
Jeremy S. Kreisberg (D.C. Bar No. 1048346)
Helen E. White (D.C. Bar No. 1741368)*
Esthena L. Barlow (D.C. Bar No. 90000252)*
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Jeremy.Kreisberg@mto.com
Helen.White@mto.com
Esthena.Barlow@mto.com

Gabriel M. Bronshteyn (*pro hac vice* forthcoming)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
(415) 512-4000
Gabriel.Bronshteyn@mto.com

*\* admission pending*

*Attorneys for the National Endowment for Democracy*