IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY,<br><br>   *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>   *Defendants*. | No. 1:25-cv-648-DLF |

**JOINT STATUS REPORT**

  Plaintiff the National Endowment for Democracy (Endowment) and Defendants United States of America, et al. (Defendants) submit this joint status report, as required by this Court's Minute Order of March 21, 2025. The parties report as follows on the developments respecting the Endowment's funding since the filing of a Joint Status Report (JSR) on March 21 (Dkt. 15).

  1. In the last JSR, the Endowment explained that, on the morning of March 13, it submitted a drawdown request for approximately $450,000 from the Endowment's previously obligated funds. The Endowment further explained that, in its past experience, usually a payment requested before 1:00 p.m. is completed the following business day. *See* Decl. of Damon Wilson (Dkt. 5-2) ¶ 18. However, in this instance the Endowment did not receive its requested funds until the morning of Friday, March 21. The Endowment explained that it received its funds only after the State Department asked the Endowment whether the drawdown was for expenses incurred prior to January 24, 2025, in order to support a "waiver." Undersigned counsel for Defendants reported that they are investigating the above facts recounted by the Endowment. Defendants' counsel's understanding at the time of the JSR was that the time needed to approve the drawdown request

1

was due in part to different offices within the State Department working through new guidance on payment processes, and the payment process is likely to move faster in the future now that the State Department has worked through this new guidance.

Since the JSR on March 21, Defendants' counsel has inquired into this issue. His understanding is that the Department of State has had further internal conversations to facilitate future drawdown requests being processed expeditiously, as appropriate. Defendants' counsel states that, under current policy, no further "waiver" is necessary, and payments will be made following approval from the Bureau of Democracy, Human Rights, and Labor (DRL) at the Department of State.

2. Separately, the Endowment learned this morning, on March 31, that DRL has received for obligation to the Endowment only a portion of the funds appropriated by Congress for the Endowment in the Third Continuing Resolution for Fiscal Year 2025 ("CR3"), which was signed by the President on March 15. In the Endowment's experience, ordinarily DRL receives for obligation the entire amount that Congress appropriates for the Endowment. That is consistent with the mandatory nature of the Endowment's funding, as explained in the Endowment's complaint and motion for a temporary restraining order (TRO). However, this morning, on March 31, DRL reported that it had only a sliver of the amount that Congress appropriated for the Endowment in CR3. Out of a total appropriation of $172,620,000, DRL had only $25,893,000 available for obligation. The Endowment has asked Defendants' counsel to investigate this unusual course and to provide any available information prior to the deadline for the next status report.

While Defendants' counsel investigates that matter, the Endowment is amenable to continuing to hold TRO proceedings in abeyance. However, if it appears that the Executive Branch

is obstructing the Endowment's ability to receive its directly appropriated funds through limited apportionments or otherwise, the Endowment will be forced to promptly reinstate its request for a TRO.

Defendants do not concede Plaintiff's characterizations above, nor do Defendants concede that there is anything unlawful or inappropriate about their current approach to the Endowment's funding.  Nonetheless, Defendants agree that continuing to hold TRO proceedings in abeyance is the most efficient course at present, while the parties continue to confer about the issues described by Plaintiff above.

Dated: March 31, 2025

Respectfully submitted,

/s/ Donald B. Verrilli, Jr..

| | |
|---|---|
| YAAKOV M. ROTH<br>Acting Assistant Attorney General | Donald B. Verrilli, Jr. (D.C. Bar No. 420434)<br>Ginger D. Anders (D.C. Bar No. 494471)<br>Jeremy S. Kreisberg (D.C. Bar No. 1048346) |
| ALEXANDER K. HAAS<br>Director, Federal Programs Branch | Helen E. White (D.C. Bar No. 1741368)*<br>Esthena L. Barlow (D.C. Bar No. 90000252)*<br>MUNGER, TOLLES & OLSON LLP |
| /s/   Daniel Schwei<br>DANIEL SCHWEI<br>Special Counsel (N.Y. Bar)<br>JULIA A. HEIMAN<br>Senior Counsel<br>United States Department of Justice<br>Civil Division, Federal Programs Branch<br>1100 L Street NW<br>Washington, DC 20530<br>Tel.:   (202) 305-8693<br>Fax:   (202) 616-8460<br>Email: daniel.s.schwei@usdoj.gov<br><br>*Counsel for Defendants* | 601 Massachusetts Avenue NW, Suite 500E<br>Washington, D.C. 20001<br>(202) 220-1100<br>Donald.Verrilli@mto.com<br>Ginger.Anders@mto.com<br>Jeremy.Kreisberg@mto.com<br>Helen.White@mto.com<br>Esthena.Barlow@mto.com<br><br>Gabriel M. Bronshteyn (*pro hac vice*)<br>MUNGER, TOLLES & OLSON LLP<br>560 Mission Street, Twenty-Seventh Floor<br>San Francisco, California 94105<br>(415) 512-4000<br>Gabriel.Bronshteyn@mto.com<br><br>* *admission pending*<br><br>*Attorneys for the National Endowment for Democracy* |