IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY,<br><br>    *Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>    *Defendants*. | No. 1:25-cv-648-DLF |

## JOINT STATUS REPORT

Plaintiff the National Endowment for Democracy (Endowment) and Defendants United States of America, et al. (Defendants) submit this joint status report, as required by this Court's Minute Order of April 1, 2025. The parties report as follows on the developments respecting the Endowment's funding since the filing of a Joint Status Report (JSR) on March 31 (Dkt. 16).

1. *Background.* In the last JSR, the Endowment explained that the State Department Bureau of Democracy, Human Rights, and Labor (DRL) had received for obligation to the Endowment only a small portion of the total amount that Congress appropriated in the Third Continuing Resolution for Fiscal Year 2025 ("CR3") for Fiscal Year 2025. Specifically, DRL had received only $25,893,000 out of the $172,620,000 appropriated by Congress in the CR signed on March 15. Defendants' counsel agreed to investigate the Endowment's account.

In the time since the last JSR, counsel for the Endowment and Defendants have exchanged emails regarding the Endowment's funds from CR3. On April 17, Defendants' counsel advised that the full-year apportionments from the Office of Management and Budget (OMB) will only be available after agencies submit full-year spending plans, and that the State Department was

1

working on submitting its full-year spending plan.  The Endowment responded the next day to indicate its contrary understanding that the State Department had submitted a full-year spending plan.  On April 29, Defendants' counsel advised that their understanding was that a full-year spending plan still had not been submitted, but that the State Department was aiming to do so this week—potentially in the next day or two.  Additionally, Defendants' counsel advised that the approximately $25.9 million allotment to the Endowment was an automatic 30-day allotment, as State did with most other accounts. The Endowment has asked Defendants' counsel to confirm that OMB will make the full apportionment as soon as the State Department submits a full-year spending plan, and to help the Endowment understand why the State Department has (according to Defendants) not yet submitted that plan.  Defendants' counsel will confer with the State Department and OMB regarding these questions.

    2. *The Endowment's Position.*  The Endowment remains alarmed about its CR3 funding. It has now been more than 45 days since CR3 became law, yet the Executive Branch has failed to apportion and obligate the full amount that Congress appropriated.  This failure to make a full apportionment is a break from consistent historical practice, and it is compromising the Endowment's ability to operate effectively as a grantmaking institution and fulfil its congressional mandate.  Among other issues, incremental apportionments undermine the Endowment's ability to staff consistently, obligate grants, and fund the core institutes.  The Endowment continues to seek the full and immediate apportionment and obligation of the funds appropriated by Congress for the Endowment in Fiscal Year 2025.

    3. *Defendants' Position.*  For the avoidance of doubt, Defendants do not concede that anything unlawful, inappropriate, or inconsistent has occurred with respect to the Endowment's

funding, or that the Endowment is currently experiencing any cognizable harms given that the Endowment has received obligated funding for activities through May 13.

4. *The Parties' Proposal*. As the parties continue to work to understand more about the apportionment to the Endowment, they propose continuing the abeyance on the Endowment's temporary restraining order. In addition, Defendants' counsel understand that service on the U.S. Attorney's Office was completed on March 12 and so a response to the complaint would be due on May 12. The parties propose to stay that deadline as well at this time. The parties further request that the next JSR be provided in 10 days.

Dated: April 30, 2025

Respectfully submitted,

/s/ Donald B. Verrilli, Jr.

| | |
|---|---|
| YAAKOV M. ROTH | Donald B. Verrilli, Jr. (D.C. Bar No. 420434) |
| Acting Assistant Attorney General | Ginger D. Anders (D.C. Bar No. 494471) |
| | Jeremy S. Kreisberg (D.C. Bar No. 1048346) |
| ALEXANDER K. HAAS | Helen E. White (D.C. Bar No. 1741368)* |
| Director, Federal Programs Branch | Esthena L. Barlow (D.C. Bar No. 90000252) |

YAAKOV M. ROTH
Acting Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

/s/   Daniel Schwei
DANIEL SCHWEI
Special Counsel (N.Y. Bar)
JULIA A. HEIMAN
Senior Counsel
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:   (202) 305-8693
Fax:   (202) 616-8460
Email: daniel.s.schwei@usdoj.gov

*Counsel for Defendants*

Donald B. Verrilli, Jr. (D.C. Bar No. 420434)
Ginger D. Anders (D.C. Bar No. 494471)
Jeremy S. Kreisberg (D.C. Bar No. 1048346)
Helen E. White (D.C. Bar No. 1741368)*
Esthena L. Barlow (D.C. Bar No. 90000252)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Jeremy.Kreisberg@mto.com
Helen.White@mto.com
Esthena.Barlow@mto.com

Gabriel M. Bronshteyn (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
(415) 512-4000
Gabriel.Bronshteyn@mto.com

*\* admission pending*

*Attorneys for the National Endowment for Democracy*