APPEAL,TYPE–D

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:25–cv–00648–DLF</u>

| | |
|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY v. UNITED STATES OF AMERICA et al | Date Filed: 03/05/2025 |
| Assigned to: Judge Dabney L. Friedrich | Jury Demand: None |
| Cause: 05:551 Administrative Procedure Act | Nature of Suit: 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| | Jurisdiction: U.S. Government Defendant |

**Plaintiff**

**NATIONAL ENDOWMENT FOR DEMOCRACY**    represented by    **Miranda E. Rehaut**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071–3426
213–683–9100
Fax: 213–687–3702
Email: miranda.rehaut@mto.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Esthena Barlow**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
202–220–1100
Email: esthena.barlow@mto.com
*ATTORNEY TO BE NOTICED*

**Gabriel Mark Bronshteyn**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415–512–4069
Fax: 415–512–5058
Email: gabriel.bronshteyn@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Ginger Dawn Anders**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001–5369

202–220–1107
Fax: 213–683–5112
Email: ginger.anders@mto.com
*ATTORNEY TO BE NOTICED*

**Helen E White**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
202–220–1136
Email: helen.white@mto.com
*ATTORNEY TO BE NOTICED*

**Jeremy Kreisberg**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue, NW
Suite 500e
Washington, DC 20001–5369
202–220–1120
Email: jeremy.kreisberg@mto.com
*ATTORNEY TO BE NOTICED*

**Donald Beaton Verrilli , Jr**
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW
Suite 500E
Washington, DC 20001
202–220–1101
Email: donald.verrilli@mto.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**UNITED STATES OF AMERICA**              represented by   **Daniel Stephen Garrett Schwei**
JENNER & BLOCK LLP
1099 New York Ave NW
Suite 900
Washington, DC 20001–4412
202–740–1679
Email: DSchwei@jenner.com
*TERMINATED: 06/05/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
U.S. DEPARTMENT OF JUSTICE
Civil Division
1100 L Street NW
Washington, DC 20005

202–514–6304
Email: joshua.n.schopf@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Julia Alexandra Heiman**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
Poc Agostinho, Jean
1100 L St., N.W.
Washington, DC 20530
202–616–8480
Email: julia.heiman@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **UNITED STATES DEPARTMENT OF STATE** | represented by | **Daniel Stephen Garrett Schwei**<br>(See above for address)<br>*TERMINATED: 06/05/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Joshua Nathaniel Schopf**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Julia Alexandra Heiman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **MARCO A. RUBIO**<br>*UNITED STATES SECRETARY OF STATE, in his official capacity* | represented by | **Daniel Stephen Garrett Schwei**<br>(See above for address)<br>*TERMINATED: 06/05/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |
| | | **Joshua Nathaniel Schopf**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |
| | | **Julia Alexandra Heiman**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **UNITED STATES OFFICE OF MANAGEMENT AND BUDGET** | represented by | **Daniel Stephen Garrett Schwei**<br>(See above for address)<br>*TERMINATED: 06/05/2025*<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED* |

Joshua Nathaniel Schopf
(See above for address)
*ATTORNEY TO BE NOTICED*

Julia Alexandra Heiman
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**RUSSELL T. VOUGHT**          represented by   **Daniel Stephen Garrett Schwei**
*DIRECTOR OF UNITED STATES*                    (See above for address)
*OFFICE OF MANAGEMENT AND*                     *TERMINATED: 06/05/2025*
*BUDGET, in his official capacity*             *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Joshua Nathaniel Schopf**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Julia Alexandra Heiman**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT**   represented by   **Daniel Stephen Garrett Schwei**
**OF TREASURY**                                (See above for address)
                                               *TERMINATED: 06/05/2025*
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Joshua Nathaniel Schopf**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Julia Alexandra Heiman**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

**Defendant**

**SCOTT BESSENT**              represented by   **Daniel Stephen Garrett Schwei**
*UNITED STATES SECRETARY OF THE*               (See above for address)
*TREASURY, in his official capacity*           *TERMINATED: 06/05/2025*
                                               *LEAD ATTORNEY*
                                               *ATTORNEY TO BE NOTICED*

                                               **Joshua Nathaniel Schopf**
                                               (See above for address)
                                               *ATTORNEY TO BE NOTICED*

                                               **Julia Alexandra Heiman**
                                               (See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES**

represented by **Daniel Stephen Garrett Schwei**
(See above for address)
*TERMINATED: 06/05/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Alexandra Heiman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT F. KENNEDY, JR.**
*UNITED STATES SECRETARY DEPARTMENT OF HEALTH AND HUMAN SERVICES, in his official capacity*

represented by **Daniel Stephen Garrett Schwei**
(See above for address)
*TERMINATED: 06/05/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Alexandra Heiman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MELISSA BRUCE**
*DIRECTOR OF THE UNITED STATES SECRETARY DEPARTMENT OF HEALTH AND HUMAN SERVICES PROGRAM SUPPORT CENTER, in her official capacity*

represented by **Daniel Stephen Garrett Schwei**
(See above for address)
*TERMINATED: 06/05/2025*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joshua Nathaniel Schopf**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Alexandra Heiman**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 03/05/2025 | 1 | |

| | | |
|---|---|---|
| | | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC–11522500) filed by NATIONAL ENDOWMENT FOR DEMOCRACY. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons)(Verrilli, Donald) (Entered: 03/05/2025) |
| 03/05/2025 | 2 | NOTICE of Appearance by Donald Beaton Verrilli, Jr on behalf of NATIONAL ENDOWMENT FOR DEMOCRACY (Verrilli, Donald) (Entered: 03/05/2025) |
| 03/05/2025 | 3 | NOTICE of Appearance by Ginger Dawn Anders on behalf of NATIONAL ENDOWMENT FOR DEMOCRACY (Anders, Ginger) (Entered: 03/05/2025) |
| 03/05/2025 | 4 | NOTICE of Appearance by Jeremy Kreisberg on behalf of NATIONAL ENDOWMENT FOR DEMOCRACY (Kreisberg, Jeremy) (Entered: 03/05/2025) |
| 03/06/2025 | 5 | MOTION for Temporary Restraining Order by NATIONAL ENDOWMENT FOR DEMOCRACY. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F, # 8 Exhibit G, # 9 Exhibit H, # 10 Text of Proposed Order)(Verrilli, Donald) (Entered: 03/06/2025) |
| 03/06/2025 | 6 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by NATIONAL ENDOWMENT FOR DEMOCRACY (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit G, # 2 Exhibit H, # 3 Text of Proposed Order)(Verrilli, Donald) (Entered: 03/06/2025) |
| 03/06/2025 | | Case Assigned to Judge Dabney L. Friedrich. (zsl) (Entered: 03/06/2025) |
| 03/06/2025 | 7 | SUMMONS (11) Issued Electronically as to All Defendants, U.S. Attorney and U.S. Attorney General (Attachment: # 1 Notice and Consent)(zsl) (Entered: 03/06/2025) |
| 03/06/2025 | | MINUTE ORDER directing the parties to meet and confer and file a proposed schedule regarding the 5 Motion for a Temporary Restraining Order by close of business today. So Ordered by Judge Dabney L. Friedrich on March 6, 2025 (lcdlf3). (Entered: 03/06/2025) |
| 03/06/2025 | 8 | STANDARD ORDER in Civil Cases. See text for details. Signed by Judge Dabney L. Friedrich on March 6, 2025 (lcdlf3) (Entered: 03/06/2025) |
| 03/06/2025 | 9 | NOTICE of Appearance by Daniel Stephen Garrett Schwei on behalf of All Defendants (Schwei, Daniel) (Entered: 03/06/2025) |
| 03/06/2025 | 10 | PROPOSED BRIEFING SCHEDULE re 5 MOTION for Temporary Restraining Order by NATIONAL ENDOWMENT FOR DEMOCRACY. (Verrilli, Donald) (Entered: 03/06/2025) |
| 03/06/2025 | | MINUTE ORDER. Upon consideration of the parties' 10 Proposed Briefing Schedule, the following schedule shall govern further proceedings: the opposition shall be due by 5:00 p.m. on March 11, 2025; the reply shall be due by 5:00 p.m. on March 12, 2025. A hearing is scheduled for March 14, 2025 at 2:30 p.m. So Ordered by Judge Dabney L. Friedrich on March 6, 2025 (lcdlf3) (Entered: 03/06/2025) |
| 03/07/2025 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gabriel M. Bronshteyn, Filing fee $ 100, receipt number ADCDC–11525750. Fee Status: Fee Paid. by NATIONAL ENDOWMENT FOR DEMOCRACY. (Attachments: # 1 Declaration of Gabriel M. Bronshteyn, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 03/07/2025) |

| 03/07/2025 | | MINUTE ORDER granting the 11 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. So Ordered by Judge Dabney L. Friedrich on March 7, 2025 (lcdlf3) (Entered: 03/07/2025) |
|---|---|---|
| 03/07/2025 | | NOTICE OF COURTROOM CHANGE: The Motion Hearing re: 5 Motion for Temporary Restraining Order set for 3/14/2025 at 2:30 PM in Courtroom 25A (In Person) before Judge Dabney L. Friedrich. (smc) (Entered: 03/07/2025) |
| 03/07/2025 | 12 | NOTICE of Appearance by Gabriel Mark Bronshteyn on behalf of NATIONAL ENDOWMENT FOR DEMOCRACY (Bronshteyn, Gabriel) (Entered: 03/07/2025) |
| 03/10/2025 | 13 | LCvR 26.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL ENDOWMENT FOR DEMOCRACY (Verrilli, Donald) (Entered: 03/10/2025) |
| 03/11/2025 | 14 | Joint MOTION to Hold in Abeyance re 5 MOTION for Temporary Restraining Order by NATIONAL ENDOWMENT FOR DEMOCRACY. (Attachments: # 1 Text of Proposed Order)(Verrilli, Donald) (Entered: 03/11/2025) |
| 03/11/2025 | | MINUTE ORDER granting the 14 Joint Motion to Hold in Abeyance. The hearing on the plaintiff's 5 Motion for a Temporary Restraining Order is VACATED and the deadlines for filing an opposition and reply to the 5 Motion are stayed pending further order of this Court. It is further ORDERED that the parties shall submit a joint status report updating the Court on any developments in the case on or before March 21, 2025, and every 10 days thereafter until the 5 Motion is no longer pending. So Ordered by Judge Dabney L. Friedrich on March 11, 2025 (lcdlf3) (Entered: 03/11/2025) |
| 03/21/2025 | 15 | Joint STATUS REPORT by NATIONAL ENDOWMENT FOR DEMOCRACY. (Verrilli, Donald) (Entered: 03/21/2025) |
| 03/21/2025 | | MINUTE ORDER. Upon consideration of the parties' 15 Joint Status Report, the parties shall file another status report on or before March 31, 2025. So Ordered by Judge Dabney L. Friedrich on March 21, 2025 (lcdlf3) (Entered: 03/21/2025) |
| 03/31/2025 | 16 | Joint STATUS REPORT by NATIONAL ENDOWMENT FOR DEMOCRACY. (Verrilli, Donald) (Entered: 03/31/2025) |
| 04/01/2025 | | MINUTE ORDER. Upon consideration of the parties 16 Joint Status Report, the parties shall file another status report on or before April 30, 2025. So ordered by Judge Dabney L. Friedrich on April 1, 2025 (lcdlf3) (Entered: 04/01/2025) |
| 04/30/2025 | 17 | Joint STATUS REPORT by NATIONAL ENDOWMENT FOR DEMOCRACY. (Verrilli, Donald) (Entered: 04/30/2025) |
| 05/05/2025 | | MINUTE ORDER. Upon consideration of the parties' 17 Joint Status Report, it is ORDERED that the parties shall file another joint status report on or before May 12, 2025. It is further ORDERED that the defendants' deadline to answer or otherwise respond to the complaint is hereby STAYED until further notice. So ordered by Judge Dabney L. Friedrich on May 5, 2025 (lcdlf3) (Entered: 05/05/2025) |
| 05/12/2025 | 18 | Joint STATUS REPORT by NATIONAL ENDOWMENT FOR DEMOCRACY. (Verrilli, Donald) (Entered: 05/12/2025) |
| 05/14/2025 | | MINUTE ORDER. Upon consideration of the parties' 18 Joint Status Report, it is ORDERED that the parties shall file another joint status report on or before June 12, |

| | | |
|---|---|---|
| | | 2025. It is further ORDERED that all deadlines continued to be stayed. So ordered by Judge Dabney L. Friedrich on May 12, 2025 (lcdlf3) (Entered: 05/14/2025) |
| 05/30/2025 | 19 | NOTICE of Appearance by Joshua Nathaniel Schopf on behalf of All Defendants (Schopf, Joshua) (Entered: 05/30/2025) |
| 06/02/2025 | 20 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 3/12/2025. Answer due for ALL FEDERAL DEFENDANTS by 5/11/2025. (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 21 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 3/12/2025. (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 22 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. SCOTT BESSENT served on 3/13/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 23 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MELISSA BRUCE served on 3/11/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 24 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES served on 3/11/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 25 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES OFFICE OF MANAGEMENT AND BUDGET served on 3/13/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 26 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. ROBERT F. KENNEDY, JR served on 3/11/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 27 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. MARCO RUBIO served on 5/23/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 28 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF STATE served on 5/23/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 29 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. UNITED STATES DEPARTMENT OF TREASURY served on 3/10/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/02/2025 | 30 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. RUSSELL VOUGHT served on 3/18/2025 (Kreisberg, Jeremy) (Entered: 06/02/2025) |
| 06/05/2025 | 31 | NOTICE OF WITHDRAWAL OF APPEARANCE as to SCOTT BESSENT, MELISSA BRUCE, ROBERT F. KENNEDY, JR, MARCO RUBIO, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, RUSSELL VOUGHT. Attorney Daniel Stephen Garrett Schwei terminated. (Schwei, Daniel) (Entered: 06/05/2025) |
| 06/12/2025 | 32 | NOTICE of Appearance by Julia Alexandra Heiman on behalf of All Defendants (Heiman, Julia) (Entered: 06/12/2025) |

| 06/12/2025 | 33 | Joint STATUS REPORT by NATIONAL ENDOWMENT FOR DEMOCRACY. (Verrilli, Donald) (Entered: 06/12/2025) |
|---|---|---|
| 06/13/2025 | 34 | PROPOSED BRIEFING SCHEDULE *(JOINT)* by NATIONAL ENDOWMENT FOR DEMOCRACY. (Attachments: # 1 Text of Proposed Order)(Verrilli, Donald) (Entered: 06/13/2025) |
| 06/16/2025 | | MINUTE ORDER. Consistent with the parties' 34 Proposed Briefing Schedule, the plaintiff shall file an amended complaint on or before June 30, 2025, and the administrative record shall be filed on or before July 8, 2025. Further, the plaintiff shall file a motion for preliminary injunction on or before July 17, 2025; the defendants shall file their opposition on or before July 28, 2025; and the plaintiff shall file any reply on or before August 1, 2025. Due to a currently scheduled criminal trial, the Court will **tentatively** schedule a hearing on the motion for August 7, 2025 at 11:30am. So ordered by Judge Dabney L. Friedrich on June 16, 2025 (lcdlf3) (Entered: 06/16/2025) |
| 06/30/2025 | 35 | AMENDED COMPLAINT against All Defendants filed by NATIONAL ENDOWMENT FOR DEMOCRACY. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Redline Comparison to Original Complaint)(Verrilli, Donald) (Entered: 06/30/2025) |
| 06/30/2025 | 36 | NOTICE of Appearance by Esthena Barlow on behalf of NATIONAL ENDOWMENT FOR DEMOCRACY (Barlow, Esthena) (Entered: 06/30/2025) |
| 06/30/2025 | 37 | NOTICE of Appearance by Helen E White on behalf of NATIONAL ENDOWMENT FOR DEMOCRACY (White, Helen) (Entered: 06/30/2025) |
| 07/08/2025 | 38 | Consent MOTION to Modify *Scheduling Order* by SCOTT BESSENT, MELISSA BRUCE, ROBERT F. KENNEDY, JR, MARCO RUBIO, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, RUSSELL VOUGHT. (Schopf, Joshua) (Entered: 07/08/2025) |
| 07/08/2025 | | MINUTE ORDER granting in part the 38 Consent Motion to Modify Scheduling Order. The following schedule shall govern further proceedings: The administrative record shall be filed on or before July 10, 2025. Further, the plaintiff shall file a motion for preliminary injunction on or before July 21, 2025; the defendants shall file their opposition on or before July 30, 2025; and the plaintiff shall file any reply on or before August 4, 2025. The Court will hold a hearing on Friday, August 8, 2025, at 10:30 a.m. in Courtroom 24A, if the Court does not issue a decision on the motion before then. So ordered by Judge Dabney L. Friedrich on July 8, 2025 (lcdlf3) (Entered: 07/08/2025) |
| 07/10/2025 | 39 | ADMINISTRATIVE RECORD by SCOTT BESSENT, MELISSA BRUCE, ROBERT F. KENNEDY, JR, MARCO RUBIO, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, RUSSELL VOUGHT. (Attachments: # 1 Administrative Record)(Heiman, Julia) (Entered: 07/10/2025) |
| 07/21/2025 | 40 | MOTION for Preliminary Injunction by NATIONAL ENDOWMENT FOR DEMOCRACY. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A, # 3 Exhibit B, # 4 Text of Proposed Order)(Verrilli, Donald) (Entered: 07/21/2025) |
| 07/29/2025 | 41 | |

| | | |
|---|---|---|
| | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Miranda E. Rehaut, Filing fee $ 100, receipt number ADCDC–11851224. Fee Status: Fee Paid. by NATIONAL ENDOWMENT FOR DEMOCRACY. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Verrilli, Donald) (Entered: 07/29/2025) |
| 07/29/2025 | | MINUTE ORDER granting the plaintiff's 41 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e–filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. So Ordered by Judge Dabney L. Friedrich on July 29, 2025. (lcdlf1) (Entered: 07/29/2025) |
| 07/29/2025 | 42 | NOTICE of Appearance by Miranda E. Rehaut on behalf of NATIONAL ENDOWMENT FOR DEMOCRACY (Rehaut, Miranda) (Entered: 07/29/2025) |
| 07/30/2025 | 43 | RESPONSE re 40 MOTION for Preliminary Injunction filed by SCOTT BESSENT, MELISSA BRUCE, ROBERT F. KENNEDY, JR, MARCO RUBIO, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, RUSSELL VOUGHT. (Attachments: # 1 Text of Proposed Order)(Heiman, Julia) (Entered: 07/30/2025) |
| 08/01/2025 | | NOTICE of AMENDED Hearing: Motion Hearing (Preliminary Injunction) set for 8/8/2025 at 1:00 PM in Courtroom 24A (In Person) before Judge Dabney L. Friedrich. (smc) (Entered: 08/01/2025) |
| 08/04/2025 | 44 | REPLY to opposition to motion re 40 Motion for Preliminary Injunction filed by NATIONAL ENDOWMENT FOR DEMOCRACY. (Verrilli, Donald) (Entered: 08/04/2025) |
| 08/08/2025 | | Minute Entry for Motion Hearing held on 8/8/2025 before Judge Dabney L. Friedrich: re 40 MOTION for Preliminary Injunction . Oral arguments heard and TAKEN UNDER ADVISEMENT. Court Reporter: Sara Wick. (smc) (Entered: 08/08/2025) |
| 08/11/2025 | 45 | ORDER granting the plaintiff's 40 Motion for a Preliminary Injunction. See text for details. Signed by Judge Dabney L. Friedrich on August 11, 2025. (lcdlf1) (Entered: 08/11/2025) |
| 08/11/2025 | 46 | MEMORANDUM OPINION regarding the plaintiff's 40 Motion for a Preliminary Injunction. See text for details. Signed by Judge Dabney L. Friedrich on August 11, 2025. (lcdlf1) (Entered: 08/11/2025) |
| 08/13/2025 | 47 | STATUS REPORT by SCOTT BESSENT, MELISSA BRUCE, ROBERT F. KENNEDY, JR, MARCO A. RUBIO, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, RUSSELL VOUGHT. (Heiman, Julia) (Entered: 08/13/2025) |
| 08/13/2025 | | MINUTE ORDER. Upon consideration of the 47 Status Report, the parties are directed to file a joint status report on or before August 22, 2025. The status report shall (1) report all steps that the defendants and their agents are continuing to take to comply with the Court's preliminary injunction; and (2) propose a schedule for further proceedings in this matter. So Ordered by Judge Dabney L. Friedrich on August 13, 2025. (lcdlf1) (Entered: 08/13/2025) |
| 08/22/2025 | 48 | |

| | | |
|---|---|---|
| | | Joint STATUS REPORT by SCOTT BESSENT, MELISSA BRUCE, ROBERT F. KENNEDY, JR, MARCO A. RUBIO, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, RUSSELL VOUGHT. (Heiman, Julia) (Entered: 08/22/2025) |
| 08/23/2025 | | MINUTE ORDER. Upon consideration of the parties' 48 Joint Status Report, the parties are directed to file, on or before September 22, 2025, another joint status report. So Ordered by Judge Dabney L. Friedrich on August 23, 2025. (lcdlf3) (Entered: 08/23/2025) |
| 09/22/2025 | 49 | Joint STATUS REPORT by SCOTT BESSENT, MELISSA BRUCE, ROBERT F. KENNEDY, JR, MARCO A. RUBIO, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES OF AMERICA, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET, RUSSELL VOUGHT. (Heiman, Julia) (Entered: 09/22/2025) |
| 09/23/2025 | | MINUTE ORDER. Upon consideration of the parties' 49 Joint Status Report, the parties are directed to file, on or before October 22, 2025, another joint status report. So Ordered by Judge Dabney L. Friedrich on September 23, 2025. (lcdlf3) (Entered: 09/23/2025) |
| 09/24/2025 | 50 | TRANSCRIPT OF MOTION HEARING before Judge Dabney L. Friedrich held on 8/8/2025. Page Numbers: 1–55. Date of Issuance: 9/24/2025. Court Reporter: Sara Wick, telephone number 202–354–3284. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 10/15/2025. Redacted Transcript Deadline set for 10/25/2025. Release of Transcript Restriction set for 12/23/2025.(Wick, Sara) (Entered: 09/24/2025) |
| 10/09/2025 | 51 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 46 Memorandum & Opinion, 45 Order on Motion for Preliminary Injunction, Set/Reset Deadlines by RUSSELL T. VOUGHT, MELISSA BRUCE, UNITED STATES DEPARTMENT OF STATE, UNITED STATES DEPARTMENT OF TREASURY, UNITED STATES DEPARTMENT OF HEALTH AND HUMAN SERVICES, UNITED STATES OF AMERICA, SCOTT BESSENT, MARCO A. RUBIO, ROBERT F. KENNEDY, JR, UNITED STATES OFFICE OF MANAGEMENT AND BUDGET. Fee Status: No Fee Paid. Parties have been notified. (Heiman, Julia) (Entered: 10/09/2025) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY, | : : : | No. 1:25-cv-648-DLF |
| *Plaintiff*, | : : | |
| v. | : : | |
| UNITED STATES OF AMERICA, et al., | : : | |
| *Defendants*. | : : | |

**NOTICE OF APPEAL**

NOTICE is hereby given that Defendants in the above-referenced matter hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from this Court's Order entering a preliminary injunction on August 11, 2025, ECF Nos. 45, 46.

1

Dated: October 9, 2025

Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch



*/s/ Julia A. Heiman*
JULIA A. HEIMAN
JOSHUA N. SCHOPF
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20530
Tel.:    (202) 616-8480
Fax:    (202) 616-8460
julia.heiman@usdoj.gov
joshua.n.schopf@usdoj.gov


*Counsel for Defendants*

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

<table>
<tr><td>

NATIONAL ENDOWMENT FOR
DEMOCRACY,

   *Plaintiff*,

  v.

UNITED STATES OF AMERICA, *et al.*,

   *Defendants*.

</td><td>

No. 25-cv-00648 (DLF)

</td></tr>
</table>

<u>**MEMORANDUM OPINION**</u>

  National Endowment for Democracy brings this action to enjoin the federal government and federal executive agencies from withholding congressionally appropriated funds. Before the Court is the plaintiff's Motion for a Preliminary Injunction. Pl.'s Mot., Dkt. 40. For the reasons that follow, the Court will grant the plaintiff's motion.

**I. BACKGROUND**

  National Endowment for Democracy is a private, nonprofit organization formally recognized under the National Endowment for Democracy Act of 1983 (NED Act), 22 U.S.C. §§ 4411 *et seq*. The Endowment's mission is to "encourage free and democratic institutions throughout the world through private sector initiatives, including activities which promote the individual rights and freedoms (including internationally recognized human rights) which are essential to the functioning of democratic institutions." *Id*. § 4411(b). As a grantmaking organization, the Endowment funds grantees both directly and through four "core institutes": the International Republican Institute, the National Democratic Institute, the Center for International Private Enterprise, and the Solidarity Center. Wilson TRO Decl. ¶¶ 3, 9, Dkt. 5-2.

On a yearly basis, the Endowment and its core institutes support approximately 2,000 nongovernmental projects in over 100 countries. *Id.* ¶ 3. The Endowment's projects aim to promote "long-term U.S. interests by fostering stability, countering authoritarian influence, and reducing the drivers of extremism and migration." Wilson Supp. Decl. ¶ 3, Dkt. 40-2. Grantees work with local partners to, for example, "heighten public pressure on the Iranian regime by highlighting government diversion of funds to opaque security and defense channels"; "identify, analyze, monitor, and expose the Chinese Communist Party's influence operations in South and Southeast Asia"; and support "democratic activists . . . as they adapt and plan the next steps in their movements to counter . . . authoritarian regimes." *Id.* ¶ 74. Many grantees operate in high-risk environments, under oppressive regimes, and depend on the Endowment's financial support. *Id.* ¶¶ 64, 74, 82.

Congress funds the Endowment through annual appropriations. The NED Act provides that the State Department "shall make an annual grant to the Endowment to enable the Endowment to carry out its purposes" and that "[s]uch grants shall be made with funds specifically appropriated for grants to the Endowment." 22 U.S.C. § 4412(a). When providing grants, the State Department "may not require the Endowment to comply with requirements other than those specified in" the Act. *Id.*

Every year since the Endowment's founding in 1982, Congress has enacted appropriations that the Endowment has received in full over the same fiscal year. Wilson Supp. Decl. ¶ 32. After Congress appropriates funding, the Office of Management and Budget (OMB) "apportions" those funds by setting a schedule to determine when they will become available to the relevant executive agency—here, the State Department. *See* GAO, A Glossary of Terms Used in the Federal Budget Process, GAO-05-734SP, at 12–13 (Sept. 1, 2005). In recent years, OMB has apportioned the full

amount of the Endowment's funds upon the enactment of a full-year appropriations law. *See* Pl.'s Mot., at 7 n.2. The State Department then "obligates" those funds to the Endowment, and the money is set aside for the Endowment in its Treasury account. *See* Wilson TRO Decl. ¶ 16. The Endowment, and its grantees, obtain money on an as-needed periodic basis. Wilson Supp. Decl. ¶ 8 ("NED can only access the obligated funds [in its Treasury account] by regularly requesting payment drawdowns based on spending."); *id.* ¶ 13 ("[A] grantee does not receive the full amount of the grant up front[.] . . . [P]ayments are tied to submission of scheduled progress reports and other deliverables.").

For fiscal year 2024, Congress appropriated $315,000,000 in "no-year" funds for the Endowment's use. The relevant Further Consolidated Appropriations Act provided "[f]or grants made by the Department of State to the National Endowment for Democracy, as authorized by the National Endowment for Democracy Act (22 U.S.C. 4412), $315,000,000, to remain available until expended." Pub. L. No. 118-47, 138 Stat. 460, 737 (2024). For fiscal year 2025, Congress passed three continuing resolutions providing that same level of funding, "under the authority and conditions provided" in the 2024 appropriations act. *See* Pub. L. No. 118-83, 138 Stat. 1524 (2024); Pub. L. No. 118-158, 138 Stat. 1722 (2024); Pub. L. No. 119-4, 139 Stat. 9 (2025). "No-year" appropriations—denoted by the "available until expended" language—are available for multiple fiscal years and do not expire. *See* GAO, Principles of Federal Appropriations Law (Red Book), at 5-7 to 5-9 (3d ed. 2004); Wilson Supp. Decl. ¶ 7 ("Congress typically appropriates "no-year" funds to the Endowment, which means that the money does not expire, affording the Endowment vital flexibility to fund long-term projects that incur expenses over multiple years.").

At the end of January 2025, the Endowment began encountering difficulties in accessing its money. It did not receive roughly $97 million in routine drawdown requests from its Treasury

account, and the State Department delayed the obligation of an additional $72 million in apportioned funds. Wilson TRO Decl. ¶¶ 26–31. Unable to meet ongoing operational costs, the Endowment was forced to furlough significant numbers of staff and default on obligations to grantees. *Id.* ¶¶ 35, 40.

On March 5, 2025, the Endowment filed suit. Compl., Dkt. 1. It also moved for a temporary restraining order. TRO Mot., Dkt. 5. Five days later, on March 10, the Endowment received the $97 million in requested drawdowns and the State Department represented that it was in the process of obligating the additional $72 million in funds. Dkt. 14. The Court granted the parties' request to hold these proceedings in abeyance. *See* Minute Order of Mar. 11, 2025.

The defendants continued to slow-walk disbursements. On March 13, after the Endowment submitted a $450,000 drawdown request, State Department officials informed the Endowment that a "waiver" was required to access the funds. Wilson Supp. Decl. ¶ 17. The requirement was later withdrawn and the Endowment received the requested funds on March 21. *Id.* In April and May, OMB apportioned funds to the Endowment in 30-day increments, deviating from its previous practice of making full annual appropriations available upon enactment. Dkt. 17. In early May, the Director of OMB submitted a budget request for fiscal year 2026 to the Senate, proposing to eliminate the Endowment's funding entirely. *See* Letter from Russell T. Vought, Dir., OMB, to Sen. Susan Collins, Chair, Comm. on Appropriations (Vought Letter), at 3 (May 2, 2025), https://www.whitehouse.gov/wp-content/uploads/2025/05/Fiscal-Year-2026-Discretionary-Budget-Request.pdf. *Id.*

Later that month, the State Department submitted a full-year spending plan to Congress that did not contemplate any additional apportionments or obligations to the Endowment for fiscal

year 2025.   Administrative Record (AR) 3–4, Dkt. 39-1.   The spending plan provided that unobligated funds would be "subject to review for alignment with Administration priorities."  *Id.*

As of early June, OMB had apportioned and the State Department had obligated only roughly $220 million of the $315 million in funds appropriated for the Endowment for fiscal year 2025.  AR 3.  On June 11, government counsel informed the Endowment that no more funding was forthcoming because the executive branch "contemplate[d] reserving" the remaining $95 million for "grants to NED for FY 2026."  Am. Compl. Ex. A at 1, Dkt. 35-2.  Counsel explained that, pursuant to the Antideficiency Act, "OMB is required to apportion no-year funds 'to achieve the most effective and economical use,' 31 U.S.C. 1512(a), and funding in this case requires apportionment for FY 2026 rather than additional obligations for FY 2025."  *Id.*; *see also* AR 4 (declaration from State Department official asserting that "disbursing the [$95 million in] funds in Fiscal Year 2026 would achieve the most effective and economical use of the remaining funds because sufficient funds had already been disbursed to NED for FY2025").

The Endowment filed a renewed motion for a preliminary injunction to enjoin the defendants from withholding the remaining fiscal year 2025 appropriations.  *See* Pl.'s Mot.  The Endowment claims the withholding is contrary to law and in excess of statutory authority under the NED Act and the Antideficiency Act, 5 U.S.C. § 706(2)(A)–(C); arbitrary and capricious, *id.* § 706(2)(A); and in violation of multiple constitutional provisions, *id.* § 706(2)(B).  On August 10, the Court held a hearing on the motion.

## II.   LEGAL STANDARDS

A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Sherley v. Sebelius*, 644 F.3d 388, 392 (D.C. Cir. 2011) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008)).  To prevail,

a party seeking preliminary injunctive relief must make a "clear showing that four factors, taken together, warrant relief: likely success on the merits, likely irreparable harm in the absence of preliminary relief, a balance of the equities in its favor, and accord with the public interest." *League of Women Voters of the U.S. v. Newby*, 838 F.3d 1, 6 (D.C. Cir. 2016) (citation modified). Where a federal agency is the defendant, the last two factors merge. *See Am. Immigr. Council v. DHS*, 470 F. Supp. 3d 32, 36 (D.D.C. 2020).

## III.   ANALYSIS

### A.   Likelihood of Success on the Merits

The Court turns first to the Endowment's likelihood of success on its APA claims. Under the APA, a reviewing court must set aside a final agency action found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" or "in excess of statutory . . . authority." 5 U.S.C. § 706(2)(A), (C). Absent exceptions not relevant here, *id.* § 701(a), the APA authorizes judicial review of each "final agency action for which there is no other adequate remedy in a court," *id.* § 704.[1]

### 1.   *Violations of the NED Act and the Antideficiency Act*

The Endowment claims that the defendants are violating the NED Act, by impeding the Endowment's statutory purposes and by withholding funds for impermissible policy reasons. The NED Act uses mandatory language directing the executive to fund the Endowment: It provides that the State Department "*shall* make an annual grant to . . . enable the Endowment to carry out its purposes." 22 U.S.C. § 4412(a) (emphasis added). The statute also expressly defines the Endowment's purposes, *id.* § 4411(b), and provides that compliance with those purposes should

---

[1] The defendants do not dispute that denial of the funding is a reviewable "final agency action." 5 U.S.C. § 704; *see* Pl.'s Mot. at 15 n.10; *see generally* Opp'n, Dkt. 43.

be "determine[d]" by the "Board of Directors of the Endowment," *id.* § 4412(a).  And the statute limits the executive branch's discretion in imposing conditions on funding:  The State Department is prohibited from "requir[ing] the Endowment to comply with requirements other than those specified" in the Act.  *Id.*  Instead, such policy oversight is the prerogative of Congress.  *Id.* § 4412(d) ("The Endowment and its grantees shall be subject to the appropriate oversight procedures of the Congress.").  Tellingly, the defendants do not dispute that the Act prohibits the executive branch from imposing extra-statutory policy based conditions on the Endowment's funding.  *See* Hr'g Rough Tr. at 33 (agreeing that "the NED Act prohibits the executive branch from imposing any policy-based conditions on the Endowment's funding, other than what's in the statute").

Yet record evidence clearly shows that the defendants are withholding funding for impermissible policy reasons.  The State Department's full-year spending plan—the sole document in the administrative record not created for purposes of this litigation—explicitly states that the withheld funds are being "subject to review for alignment with *Administration priorities*." AR 60 (emphasis added).  Around that time, the Director of OMB urged the Senate to entirely defund the Endowment because of its alleged support of media organizations critical of the President and his allies.  *See* Vought Letter at 3 (asserting that the Endowment's grantees had "called for prosecutions of allies of the President" and "targeted and blacklisted" media outlets supportive the president).  An affidavit from the Director of the Bureau of Budget Planning at the State Department highlights that the withholding decision was made "in consultation with OMB." AR 4.  Taken as a whole, that evidence leaves little doubt as to the defendants' motivations—the Endowment's work does not align with "Administration priorities."  AR 60.

7

Moreover, the withholding of $95 million interferes with the statutory mandate that annual funding must "enable the Endowment to carry out its purposes." 22 U.S.C. § 4412(a). The Endowment structures its initiatives and makes commitments to grantees in reliance on receiving the full amount of appropriated funds, as it has every year for the past 42 years. Wilson Supp. Decl. ¶¶ 40, 47. It submitted a plan to Congress describing its "programmatic goals" for 2025 and documenting how "every appropriated dollar would be spent." *Id.* ¶ 47. The sudden and unprecedented withholding of $95 million—or roughly 30%—from its anticipated budget has forced the Endowment to renege on commitments. *Id.* ¶ 47. It was unable to fund 226 approved grants, 124 grants recommended for approval by the Board, and 53 core institute projects. *Id.* ¶¶ 49, 51. These are activities that the Endowment, in consultation with Congress, has determined are "important and time-sensitive" to furthering "critical election monitoring, helping democracy activists overcome authoritarian censorship, [and] maintain[ing] access to independent news and information," *id.* ¶ 52—in other words, to fulfilling the Endowment's mission. The defendants have fallen woefully short of providing an "annual grant" that "enable[s]" the Endowment to fulfill its statutory purposes. *See* 22 U.S.C. § 4412(a).

The defendants' official justification for that withholding—preserving the Endowment's funding stability for the coming year—is not plausible. Opp'n at 13. Before and during litigation, the defendants obstructed routine drawdown requests on money already set aside in the Endowment's Treasury account, imposed and then abandoned a novel waiver requirement, and delayed the obligation of apportioned funds. *See* Hr'g Rough Tr. at 42 (not disputing the plaintiff's factual allegations). These actions vitiate any inference that the defendants' concern has been to "ensure" the Endowment's "level of funding in the coming fiscal year." AR 4. Indeed, counsel for the State Department provided that rationale to the Endowment for the first time in a June 11

email, well after this litigation began. *See* Am. Compl. Ex. A. In light of the defendants' repeated maneuvers to impede the Endowment's flow of funds, the Court does not find credible an explanation offered in the shadow of pending litigation. *See Dep't of Com. v. New York*, 588 U.S. 752, 785 (2019) ("[Courts] are not required to exhibit a naiveté from which ordinary citizens are free." (citation modified)).

Nor does the Antideficiency Act authorize the defendants' actions. Section 1512(a) of the Act[2] does permit OMB to set an apportionment schedule for no-year funds to ensure their efficient and orderly spending. That provision directs that "[a]n appropriation for an indefinite period . . . shall be apportioned to achieve the most effective and economical use." 31 U.S.C. § 1512(a). But the executive branch has long recognized that the apportionment authority under § 1512(a) does not alter the *substantive* obligations imposed by other statutes on the expenditure of funds. *E.g.*, Red Book 6-122 (noting that apportionment does not "affect the operation of statutory requirements concerning the availability or use of appropriated funds"); OMB Circular No. A-11 at § 120.9 (2024) ("[A]pportionment of funds is not a means for resolving any question dealing with . . . the legality of using funds for the purpose for which they are apportioned."); *see also City of New Haven v. United States*, 809 F.2d 900, 906 n.18 (D.C. Cir. 1987) (noting Congress's intent to "preclude" that provision from being invoked "as authority for implementing 'policy' impoundments"). Thus, the defendants cannot rely on § 1512(a) to act in contravention of the NED Act.[3]

_____

[2] The parties agree that OMB was not acting under 31 U.S.C. § 1512(c) to create a funding reserve. *See* Opp'n at 12; Reply at 9, Dkt. 44.

[3] The Court is not aware of, and the defendants cannot point to, *see* Hr'g Rough Tr. at 43, any other circumstance under which § 1512(c) has been used to withhold such a substantial amount of funds.

To be clear, the Court does not reach whether "the Endowment must receive [its] full appropriated amount in [the same] fiscal year" in every case.  *See* Pl.'s Mot. at 29.  And it need not decide whether the defendants are categorically prohibited from imposing an alternative apportionment schedule in *all* instances.  The Court merely finds that the defendants may not withhold appropriated funds under the present conditions: on the grounds that the Endowment's projects do not align with the Executive's priorities.

In sum, subjecting $95 million of the Endowment's funding to "review for alignment with Administration priorities," AR 60, is precisely the kind of extra-statutory requirement prohibited by the NED Act, 22 U.S.C. § 4412(a).  Accordingly, the Court concludes that the Endowment is likely to succeed on its claim that the defendants violated the NED Act.

### 2.     *Arbitrary and Capriciousness*

The Endowment also claims that withholding the appropriated funds is an arbitrary and capricious agency action.  In an arbitrary and capriciousness challenge, the core question is whether the agency's decision was "the product of reasoned decisionmaking."  *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 52 (1983).  An action is arbitrary and capricious if the agency has "relied on factors which Congress had not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before [it], or [the explanation] is so implausible that it could not be ascribed to a difference in view or the product of agency expertise."  *Id.* at 43.  An agency that fails to give an "indication of the basis" of its decision cannot withstand APA review. *Burlington Truck Lines, Inc. v. United States*, 371 U.S. 156, 167 (1962).

The defendants' justification for its withholding is that reserving the funds "would achieve the most effective and economical use of the [$95 million] because sufficient funds had already

been disbursed to NED for [fiscal year] 2025"; and reservation "ensures that NED will retain at least [$95 million in] funding in the coming fiscal year." AR 4. Those assertions are neither reasoned nor rational.

As noted, the Endowment planned its 2025 grantmaking activities in expectation of receiving the full amount of its annual appropriations, as it has for over four decades. It committed every dollar of expected appropriations to operational expenses, core institutes, and grantees; and it submitted the details of its spending plan to the congressional appropriations committees. Wilson Supp. Decl. ¶ 47. The defendants fail to explain how funds falling 30% short of the Endowment's anticipated budget could be "sufficient" to meet its operational needs, AR 4, or "enable" it "to carry out its purposes," *see* 22 U.S.C. § 4412(a). They do not address why it is "the most efficient and economical" result, 31 U.S.C. § 1512(a), for the Endowment to default on current financial obligations to grantees. Wilson TRO Decl. ¶ 40. Nor does the record show that the defendants weighed, assessed, or displayed any awareness of the Endowment's reliance interests on the historical practice of routinely disbursing annual appropriations in full. *See FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009). And finally, even if the defendants' concerns with ensuring the Endowment's "level of funding in the coming fiscal year" were well-founded,[4] AR 4, "an agency may not rely on political guesswork about future congressional appropriations as a basis for violating existing legal mandates," *In re Aiken Cnty.*, 725 F.3d 255, 260 (D.C. Cir. 2013) (Kavanaugh, J.).

---

[4] The House Appropriations Committee has recommended $315 million in appropriations for the Endowment in fiscal year 2026, in "recogni[tion of] the essential role of the [Endowment] in promoting key national security interests by countering threats from dangerous adversaries around the world." H.R. Rep. No. 119-217 at 29–30 (2025).

Because the defendants' "conclusory and unreasoned" assertions, *Env't Health Tr. v. FCC*, 9 F.4th 893, 905 (D.C. Cir. 2021), are entirely insufficient to justify their actions, the Endowment is also likely to succeed on its claim that withholding the $95 million in appropriated funds was arbitrary and capricious.[5]

### B.    Irreparable Harm

To establish irreparable harm, a plaintiff must demonstrate that the harm is (1) "certain and great, actual and not theoretical, and so imminent that there is a clear and present need for equitable relief," and (2) "beyond remediation." *Newby*, 838 F.3d at 7–8 (citation modified). The Endowment has done so here.

The Endowment has lost access to over 30% of its anticipated budget for this fiscal year. Because it plans projects "based on the premise that [it] will have reliable access to all of the funds that Congress appropriated for . . . this fiscal year," the abrupt withholding of funding has forced the Endowment to terminate critical staff and suspend impactful democracy-supporting initiatives. Wilson Supp. Decl. ¶ 47. The Endowment has been forced to lay off 100 staff members— approximately 35% of its core workforce—and the uncertainty of future funding is accelerating attrition rates among key personnel. *Id*. ¶¶ 33, 39, 41. These individuals possess specialized skillsets, including language proficiencies, regional knowledge, and technical and cybersecurity expertise. *Id.* ¶ 41. The loss of key personnel has hampered the Endowment's ability to "facilitate[e] secure communication, support[] program monitoring and evaluation, and navigat[e] complex political and cultural landscapes—particularly in restrictive environments such as Iran, China, Venezuela, Russia, and North Korea." *Id.* ¶ 37. These harms are not merely monetary,

---

[5] Having concluded that the Endowment is likely to succeed on the merits of its APA claims on two alternative grounds, the Court will not address the constitutional claims.

12

*contra* Opp'n at 21–24—they "unquestionably make it more difficult for the [Endowment] to accomplish [its] primary mission" of supporting democracy-promoting initiatives around the globe. *Newby,* 838 F.3d at 9; *see AIDS Vaccine Advoc. Coal. v. Dep't of State*, 766 F. Supp. 3d 74, 81 (D.D.C. 2025) (finding irreparable harm from significant cuts to staff and reduction in core operations).

Additionally, as a result of the current withholding, the Endowment is unable to provide full funding to "more than 500 direct grants and approximately 53 core [institute] projects." *Id.* ¶¶ 36, 48, 52 ("These projects . . . support important and time-sensitive activities including critical election monitoring, helping democracy activists overcome authoritarian censorship, maintain access to independent news and information across many media environments, and advance reforms to level the playing field for American businesses and protect labor rights."). The Endowment has been "forced to scale back support, both in terms of duration and amount, for priority projects including in countries such as Cuba and China, delay consideration of others, as well as simply pass on a wide range of initiatives that require longer term investment." *Id.* ¶ 47. This drawback poses "special risks to grantee partners operating in authoritarian contexts, as the sudden interruption in support may expose" their affiliation with the Endowment, inviting "reprisals from authoritarian governments." *Id.* ¶ 57. Reneging on commitments destroys the Endowment's credibility and "harms the Endowment's mission and reputation as a trusted, reliable U.S. partner." *Id.* ¶ 96 ("Groups around the world, particularly in the most dangerous and difficult environments, seek out [the Endowment] due to our well-established reputation for reliability, transparency, consistency, security-consciousness, and partnership."). These harms to the Endowment's global reputation and to the "very existence of its programs" are irreparable. *S. Educ. Found. v. U.S. Dep't of Educ.*, No. 25-cv-1079 (PLF), 2025 WL 1453047, at *15 (D.D.C.

May 21, 2025); *see Climate United Fund v. Citibank, N.A.*, 778 F. Supp. 3d 90, 119 (D.D.C. 2025) (irreparable harm where grant terminations harmed organizations' reputation as "reliable and trustworthy partners and investors" (citation modified)).

Accordingly, the Court finds that the Endowment has shown that it will suffer irreparable harm absent an injunction.

### C.    Balance of Harms and Public Interest

The two remaining factors—the balance of the equities and the public interest—"merge when the Government is the opposing party." *Nken v. Holder*, 556 U.S. 418, 435 (2009). These factors also weigh in the Endowment's favor. The defendants cannot show that they will be harmed by an injunction—it will not "disrupt" the defendants' "oversight" of "taxpayer money" because they are not authorized exercise such oversight. *Contra* Opp'n at 33. As explained, the defendants' present withholding of appropriated funds on policy grounds violates the NED Act and appropriations laws. The government "cannot suffer harm from an injunction that merely ends an unlawful practice." *See R.I.L.-R v. Johnson*, 80 F. Supp. 3d 164, 191 (D.D.C. 2015) (citation modified). To the contrary, the "public interest is served when administrative agencies comply with their obligations under the APA." *Northern Mariana Islands v. United States*, 686 F. Supp. 2d 7, 21 (D.D.C. 2009). In contrast, as explained, the Endowment will suffer significant harm from funding cuts that impede its ability to retain essential personnel and fulfill its obligations to grantees.

Accordingly, the balance of equities and the public interest also weigh in the Endowment's favor.

### D.    Bond

The Court will not order the Endowment to post an injunction bond.  Federal Rule of Civil Procedure 65(c) vests "broad discretion in the district court to determine the appropriate amount of an injunction bond," *DSE, Inc. v. United States*, 169 F.3d 21, 33 (D.C. Cir. 1999), including the "discretion to require no bond at all," *P.J.E.S. ex rel. Escobar Francisco v. Wolf*, 502 F. Supp. 3d 492, 520 (D.D.C. 2020) (citation modified); *see Fed. League of United Latin Am. Citizens v. Exec. Off. of the President*, No. 25-cv-0946 (CKK), 2025 WL 1187730, at *62 (D.D.C. Apr. 24, 2025) (collecting cases).  The defendants have likely unlawfully frozen the Endowment's funding.  It makes little sense to exacerbate the financial strain by requiring the Endowment to post bond.

### E.    Administrative Stay and Stay Pending Appeal.

The Court will deny the defendants' request for an administrative stay and a stay pending appeal.  For the reasons explained, the Endowment is likely to succeed on the merits of its APA claims, and the defendants will not be irreparably harmed by the entry of an injunction.

### CONCLUSION

For the foregoing reasons, the Court grants the plaintiff's Motion for a Preliminary Injunction. The defendants are enjoined from withholding or otherwise interfering with the remaining fiscal year 2025 funds appropriated to the Endowment.  A separate order consistent with this decision accompanies this memorandum opinion.

DABNEY L. FRIEDRICH
United States District Judge

August 11, 2025

15

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |
|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY, | |
| *Plaintiff*, | |
| v. | No. 25-cv-00648 (DLF) |
| UNITED STATES OF AMERICA, *et al.*, | |
| *Defendants*. | |

### <u>ORDER</u>

For the reasons stated in the accompanying memorandum opinion, it is hereby

**ORDERED** that the plaintiff's Motion for a Preliminary Injunction, Dkt. 40, is **GRANTED**.  The defendants and their agents are **ENJOINED** from withholding, blocking, reserving, or otherwise interfering with payment of appropriated funds for fiscal year 2025 to the Endowment, including by interfering with the apportionment, obligation, and ultimate disbursement of such funds.  It is further

**ORDERED** that the defendants shall file a status report on or before August 13, 2025, confirming the regular apportionment, obligation, and disbursement of the Endowment's fiscal year 2025 appropriated funds and reporting all steps that the defendants and their agents have taken to comply with the Court's preliminary injunction.

**SO ORDERED**.

DABNEY L. FRIEDRICH
United States District Judge

August 11, 2025