IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY, | : : : : | |
| *Plaintiff*, | : : | No. 1:25-cv-00648-DLF |
| v. | : : : | |
| UNITED STATES, et al., | : : | |
| *Defendants*. | : : : | |

**PLAINTIFF'S UNOPPOSED MOTION FOR LEAVE TO
FILE SUPPLEMENTAL COMPLAINT**

Plaintiff National Endowment for Democracy ("the Endowment") respectfully moves pursuant to Federal Rule of Civil Procedure 15(d) for leave to file the attached Proposed Supplemental Complaint. The Endowment has conferred with Defendants, who do not oppose this motion.

On March 5, 2025, the Endowment filed a Complaint, ECF No. 1, challenging the Executive Branch's unlawful freeze of funding that Congress had appropriated specifically for the Endowment. The following day, the Endowment filed a motion for a temporary restraining order, seeking emergency relief to ensure access to funding necessary to carry out its congressionally recognized mission. ECF No. 5. Although Defendants released the Endowment's funding in response to these filings, they continued to fight to withhold additional appropriated funding over the course of the next several months. Those efforts culminated in Defendants' decision to withhold from the Endowment approximately $95 million in funding that Congress had appropriated for the Endowment in fiscal year 2025. Accordingly, on June 30,

1

2025, the Endowment filed an Amended Complaint, ECF No. 35, and on July 21, 2025, the Endowment filed a motion for a preliminary injunction, ECF No. 40.

This Court granted the Endowment's motion for a preliminary injunction on August 11, 2025. ECF No. 45. The order enjoined Defendants and their agents "from withholding, blocking, reserving, or otherwise interfering with payment of appropriated funds for fiscal year 2025 to the Endowment, including by interfering with the apportionment, obligation, and ultimate disbursement of such funds." *Id.* at 1. Pursuant to that directive, Defendants apportioned, obligated, and disbursed the withheld balance of the Endowment's fiscal year 2025 funding.

However, in the succeeding months, Defendants have continued to interfere with the Endowment's congressionally appropriated funding. As this Court recently observed, it "seems" they are following a "similar playbook" in fiscal year 2026. Exhibit 1 at 7-8 (Status Conference Tr.) (Feb. 25, 2026). Despite the Endowment's every effort to avoid further litigation, this renewed obstructionism has put the Endowment in an "untenable position" requiring further legal action. *Id.* at 7. Accordingly, the Endowment seeks to supplement the Amended Complaint in order to facilitate further judicial relief.

Rule 15(d) allows the Endowment, with this Court's leave, to "serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Leave should be "freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action." *Hall v. CIA*, 437 F.3d 94, 101 (D.C. Cir. 2006) (quoting 6A Charles Alan Wright & Arthur R. Miller, et al., Fed. Practice & Procedure § 1504 (2d ed. 1990)).

Here, supplementation of the Amended Complaint easily satisfies those requirements. Plaintiff's proposed Supplemental Complaint sets forth the events that have occurred since the filing of the Amended Complaint. Those events involve the same parties and substantially the same legal obligations as were at issue in the Amended Complaint. Moreover, the conduct alleged in the Supplemental Complaint is a continuation of Defendants' conduct alleged in the Amended Complaint—specifically, Defendants' campaign to block the Endowment's funding. This Court is already very familiar with Defendants' conduct and the subject matter of the dispute. As a result, although the Endowment regrets that Defendants have forced its hand and required the Endowment to return to this Court for further relief, continuing to litigate the present controversy as part of this same action is the most efficient path to resolution.

Supplementation will not unduly delay this litigation or prejudice Defendants. To the contrary, supplementation will obviate the need at this time for the parties to brief and for this Court to resolve Defendants' forthcoming motion to dismiss, which was premised on the notion that no further controversy existed between the parties as to the Endowment's funding. As the recent joint status reports and status conference demonstrate, that is not true. Nor could the Endowment have sought relief meaningfully earlier, considering Defendants' misleading representation last month about the status of the Endowment's fiscal year 2026 funds.

Finally, supplementation of the complaint will promote an orderly resolution of the present controversy. The Endowment intends to move for a preliminary injunction on Monday, March 9, with respect to the $105 million that Congress appropriated for the Endowment last November, and the Endowment intends to ask this Court to set the deadline for Defendants' opposition as Monday, March 16. Doing so would align Defendants' opposition with the deadline for the next joint status report. Accordingly, on March 16, Defendants will be able to

either make sufficient representations about the Endowment's funding such that there is no need to litigate the Endowment's motion for a preliminary injunction, or Defendants can explain why they believe such an injunction should not issue. The Endowment will further be prepared to file a reply brief within two days of Defendants' opposition and will be available any day during the week of March 16 for any hearing the Court wishes to hold on the motion for a preliminary injunction.

Accordingly, Plaintiffs respectfully request that the Court grant leave to file the Proposed Supplemental Complaint.

Dated: March 6, 2026

Respectfully submitted,

/s/ *Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr. (D.C. Bar No. 420434)
Ginger D. Anders (D.C. Bar No. 494471)
Jeremy S. Kreisberg (D.C. Bar No. 1048346)
Helen E. White (D.C. Bar No. 1741368)
Esthena L. Barlow (D.C. Bar No. 90000252)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Jeremy.Kreisberg@mto.com
Helen.White@mto.com
Esthena.Barlow@mto.com

Gabriel M. Bronshteyn (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
(415) 512-4000
Gabriel.Bronshteyn@mto.com

Miranda E. Rehaut (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100

Miranda.Rehaut@mto.com

*Attorneys for the National Endowment for Democracy*

## CERTIFICATE OF SERVICE

I hereby certify that on March 6, 2026, I filed the foregoing document with the Clerk of Court for the United States District Court for the District of Columbia using the court's CM/ECF system, which will send notification of such filing to all registered participants.

*/s/ Donald B. Verrilli, Jr.*
Donald B. Verrilli, Jr.
