**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY, | : : : : | No. 1:25-cv-648-DLF |
| *Plaintiff,* | : : | |
| v. | : : | |
| UNITED STATES OF AMERICA, et al., | : : | |
| *Defendants.* | : : : | |

## <u>JOINT STATUS REPORT</u>

Plaintiff the National Endowment for Democracy (Endowment or NED) and Defendants United States of America, et al. (Defendants) submit this Joint Status Report, as required by this Court's Minute Order of February 25, 2026.

*Defendants' Statement:*

On March 13, 2026, the Department of State's Undersecretary for Public Diplomacy sent a letter to Mr. Damon Wilson, the president and CEO of NED. That letter explained that State's audit of NED uncovered concerns that some of NED's programming was undermining "the foreign policy, safety and prosperity of the United States" and that "audit and transparency mechanisms designed by Congress to guard against" such activity "appear to have been insufficiently observed." March 13 Letter from Sarah B. Rogers to Damon Wilson (Rogers Letter) (attached as Exhibit 1 to Defendant's Preliminary Injunction Opposition filed today).

The Rogers Letter further indicated that the NED Act's consultation requirements were not being followed. Further, State's review of NED audit reports from prior fiscal years revealed

1

"significant deficiencies in reporting adherence under the Federal Funding Accountability and Transparency Act (FFATA)". *Id.*

The Rogers Letter requests that NED confirm by March 25, 2026 that it will implement procedures to ensure compliance with the consultation requirements of section 4414(b); that it will otherwise comply with the statutory requirements contained in section 4413(a); and that it will provide to State a list of grant recipients and activities that NED intends to fund in FY 2026. *Id.*

Assuming confirmation of compliance by NED, State "will work to obligate appropriated 2026 funding." *Id.*

Meanwhile, this morning (March 16, 2026), OMB apportioned to the State Department the full amount ($315,000,000) of the FY26 funds for grants to NED.

Defendants also request a stay of the Motion to Dismiss briefing schedule set out in the Court's January 30 Minute Order until after the resolution of Plaintiff's preliminary injunction motion. Plaintiff consents to this request.

*The Endowment's Response:* The Endowment welcomes Defendants' confirmation that OMB has apportioned to the State Department the full amount ($315,000,000) of funding that Congress appropriated for the Endowment in fiscal year 2026. However, as Defendants' statement makes clear, the State Department still has not obligated and the Endowment still has not received any of the funds that Congress appropriated for the Endowment in fiscal year 2026. As the Endowment will explain in its reply brief, Defendants' allegations of noncompliance with requirements set forth in the NED Act are not only pretextual; they are false. In all events, the Endowment confirms in this filing, just as it will confirm in its response to the State Department, that the Endowment will follow all statutory requirements set forth in the NED Act. There is no

2

excuse for Defendants to continue withholding the Endowment's funding.  Defendants should either obligate the Endowment's funding immediately or this Court should proceed to consider the Endowment's motion for a preliminary injunction and should grant it.

The Endowment recognizes Defendants' statement that, "[a]ssuming confirmation of compliance by NED, State 'will work to obligate appropriated 2026 funding.'"  However, considering the Endowment's past experience with statements made in joint status reports, the Endowment must note that Defendants' representation leaves certain questions unanswered.  For instance:

- Are Defendants seeking confirmation of the Endowment's "compliance" with the NED Act, or are they seeking confirmation of "compliance" with conditions beyond those specified in the NED Act?

- With respect to the State Department's "work to" obligate the Endowment's funding:  What steps are involved in that process; is it certain to result in obligation of the Endowment's funding; and how long will it take?

- When Defendants refer to "appropriated 2026 funding," are Defendants referring to all of the funding Congress appropriated for the Endowment in fiscal year 2026, or only part of it (and if only part of it, how much)?

Considering that those questions are not clearly answered by Defendants' representations in this joint status report, the Endowment's need for a preliminary injunction remains urgent at this time.

Dated: March 16, 2026

Respectfully submitted,

_/s/ Donald B. Verrilli, Jr._

BRETT A. SHUMATE
Assistant Attorney General

Donald B. Verrilli, Jr. (D.C. Bar No. 420434)
Ginger D. Anders (D.C. Bar No. 494471)
Jeremy S. Kreisberg (D.C. Bar No. 1048346)

ALEXANDER K. HAAS
Director, Federal Programs Branch

Helen E. White (D.C. Bar No. 1741368)
Esthena L. Barlow (D.C. Bar No. 90000252)
MUNGER, TOLLES & OLSON LLP

JOSEPH E. BORSON
Assistant Branch Director
Federal Programs Branch

601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com

_/s/ Joshua N. Schopf_
JOSHUA N. SCHOPF
United States Department of Justice
Civil Division, Federal Programs
Branch
1100 L Street NW
Washington, DC 20530
Tel.:    (202) 514-6314

Jeremy.Kreisberg@mto.com
Helen.White@mto.com
Esthena.Barlow@mto.com

Gabriel M. Bronshteyn (_pro hac vice_)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
(415) 512-4000

Email: joshua.n.schopf@usdoj.gov

Gabriel.Bronshteyn@mto.com

_Counsel for Defendants_

Miranda E. Rehaut (_pro hac vice_)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
Miranda.Rehaut@mto.com

_Attorneys for the National Endowment for
    Democracy_

4