**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY, | : : : : | No. 1:25-cv-648-DLF |
| *Plaintiff,* | : : | |
| v. | : : | |
| UNITED STATES OF AMERICA, et al., | : : | |
| *Defendants.* | : : | |

<u>**DEFENDANTS' MEMORANDUM IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**</u>

**TABLE OF CONTENTS**

INTRODUCTION ........................................................................................................................1

BACKGROUND .........................................................................................................................1

LEGAL STANDARD ..................................................................................................................3

ARGUMENT...............................................................................................................................3

I.      The Court Lacks Jurisdiction Over Plaintiff's Claims. .....................................................3

      A.      Plaintiff's Challenge To the Withholding of Funding Is Moot. ............................3

      B.      No Exception To Mootness Applies. .....................................................................5

CONCLUSION............................................................................................................................8

## TABLE OF AUTHORITIES

**Cases**

*Alphabet Workers Union-Commc'n Workers of Am., Loc. 9009 v. NLRB*,
134 F.4th 1217 (D.C. Cir. 2025)...........................................................................6, 7

*Already, LLC v. Nike, Inc.*,
568 U.S. 85 (2013)...........................................................................................3, 7

*Arizonans for Official Eng. v. Arizona*,
520 U.S. 43 (1997)...............................................................................................3

*Comm. in Solidarity with the People of El Sal. v. Sessions*,
929 F.2d 742 (D.C. Cir. 1991)..............................................................................3

*Conservation Force, Inc. v. Jewell*,
733 F.3d 1200 (D.C. Cir. 2013).............................................................................4

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
528 U.S. 167 (2000).............................................................................................7

*González-Vera v. Townley*,
83 F. Supp. 3d 306 (D.D.C. 2015) ........................................................................4

*Gray v. Off. of Personnel Mgmt.*,
771 F.2d 1504 (D.C. Cir. 1985).............................................................................4

*Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*,
628 F.3d 568 (D.C. Cir. 2010)..............................................................................4

*Knox v. Serv. Emps. Int'l Union, Loc. 1000*,
567 U.S. 298 (2012).............................................................................................7

*Lewis v. Cont'l Bank Corp.*,
494 U.S. 472 (1990).............................................................................................6

*Mykonos v. United States*,
59 F. Supp. 3d 100 (D.D.C. 2014) ........................................................................3

*Samma v. U.S. Dep't of Defense*,
136 F.4th 1108 (D.C. Cir. 2025)...........................................................................3

*United States v. Philip Morris USA Inc.*,
566 F.3d 1095 (D.C. Cir. 2009).............................................................................5

*United States v. Sanchez-Gomez*,
584 U.S. 381 (2018).............................................................................................3

*United States v. W. T. Grant Co.*,
  345 U.S. 629 (1953) ..................................................................................................................7

## Constitution

U.S. Const. art. III, § 2, cl. 1.....................................................................................................3

## Statutes

Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veteran
  Affairs, and Extensions Act, 2026,
  Pub. L. No. 119-37, 139 Stat. 495 (2025) ............................................................................2

## Rules

Fed. R. Civ. P. 12(b)(1)............................................................................................................8

**INTRODUCTION**

This case, first brought in early 2025, turns on Plaintiff's (or "NED" or the "Endowment") allegations that Defendants are withholding and failing to obligate or disburse funding appropriated by Congress for FY 2025 and FY 2026 for grants to Plaintiff. But Defendants have now obligated and disbursed funding for both fiscal years. Any further litigation on the current complaint would merely re-litigate the propriety of whether to disburse funds that have already been disbursed. Such an advisory opinion is unnecessary and inappropriate. As Plaintiff has received its requested relief, this case is now moot.

No exception to mootness applies. There is no reason why any future funding dispute will evade review, as Plaintiff can file a new complaint with ample time to obtain judicial review. And in any event, any further dispute will be based on the availability of future appropriations and a different appropriations statute, which may involve different terms than the current appropriations law. Further, the voluntary-cessation exception also does not apply. Because NED has full access to the relevant FY 2026 funding, there is no risk that the agency will undo the action.

**BACKGROUND**

On June 30, 2025, Plaintiff filed an amended complaint premised on the alleged withholding of $94,941,000 of appropriated Fiscal Year 2025 funding. ECF No. 35. After the Court granted Plaintiff a preliminary injunction, Defendants obligated and disbursed to Plaintiff the $94,941,000. *See* Joint Status Report (August 22, 2025) at 1, ECF No. 48. ("August 22 JSR").

On March 9, 2026, Plaintiff filed a new Motion for a Preliminary Injunction, ECF No. 63, and on March 10, 2026 filed a Supplemental Complaint, ECF No. 64.[1] ("Suppl. Compl.") Plaintiff's motion and supplemental complaint sought an order enjoining Defendants from withholding, blocking, reserving, or otherwise interfering with payment of the $315 million in funding appropriated for grants to Plaintiff for fiscal year 2026.[2]  Proposed Order Granting Pl.'s Mot. for Prelim. Inj. ¶ 1, ECF No. 67-3 (seeking preliminary injunction); Suppl. Compl., Suppl. Prayer for Relief ¶¶ (C) and (D) (seeking preliminary and permanent injunctions).  After Defendants filed an opposition and Plaintiff filed a reply, Defendants obligated the full $315 million of this FY 2026 funding to Plaintiff and represented to the Court that all FY 2026 funding draw down requests "will be paid on the standard timeline in the payment management system."  Consent Mot. to Stay Deadlines at 1, ECF No. 69 ("Consent Mot.").  On March 31, 2026, Plaintiff reported that "the Endowment received into its bank account the funds that it drew down from its PMS account."  Joint Status Report (March 31, 2026) at 1, ECF No. 70 ("March 31 JSR").  Plaintiff thus moved to withdraw its preliminary injunction and, on April 1, 2026, the Court granted Plaintiff's withdrawal motion.  Order Granting Mot. to Withdraw Prelim. Inj. Mot. ("April 1 Order"), ECF No. 72.  As Plaintiff has received its requested relief, this case should be dismissed.

---

[1] Plaintiff filed a Motion for Leave to File the Supplemental Complaint on March 6, 2026, attaching a Proposed Supplemental Complaint.  ECF Nos. 62, 62-1.  Once the Court granted that motion, Plaintiff formally filed its Supplemental Complaint.  ECF No. 64.

[2] Plaintiff's preliminary injunction motion originally sought the obligation and disbursement of $105,273,000, which was appropriated for grants to Plaintiff in the continuing resolution for fiscal year 2026, Continuing Appropriations, Agriculture, Legislative Branch, Military Construction and Veteran Affairs, and Extensions Act, 2026, Pub. L. No. 119-37, 139 Stat. 495 (2025).  *See* PI Proposed Order ¶ 1, ECF No. 63-3.  But a proposed order filed with Plaintiff's reply in support of its motion for preliminary injunction sought obligation and disbursement of all FY2026 funding.  ECF No. 67-3 ¶ 1.

## LEGAL STANDARD

A "court may appropriately dispose of a case under [Federal Rule of Civil Procedure] 12(b)(1) . . . on mootness grounds." *Mykonos v. United States*, 59 F. Supp. 3d 100, 103–04 (D.D.C. 2014) (omission in original) (quoting *Comm. in Solidarity with the People of El Sal. v. Sessions*, 929 F.2d 742, 744 (D.C. Cir. 1991)). The Constitution limits the federal courts' jurisdiction to resolving "Cases" and "Controversies." U.S. Const. art. III, § 2, cl. 1. "[A]n actual controversy must be extant at all stages of review." *Arizonans for Official Eng. v. Arizona*, 520 U.S. 43, 67 (1997) (citation omitted). Thus, a "case that becomes moot at any point during the proceedings is 'no longer a "Case" or "Controversy" for purposes of Article III,' and is outside the jurisdiction of the federal courts." *United States v. Sanchez-Gomez*, 584 U.S. 381, 385-86 (2018) (quoting *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013)). A case becomes moot when "the parties lack a legally cognizable interest in [its] outcome." *Already*, 568 U.S. at 91 (citation omitted). "No matter how vehemently the parties continue to dispute the lawfulness of the conduct that precipitated the lawsuit, the case is moot if the dispute 'is no longer embedded in any actual controversy about the plaintiffs' particular legal rights.'" *Id.* (citation omitted); *see also Samma v. U.S. Dep't of Defense*, 136 F.4th 1108, 1113 (D.C. Cir. 2025) (stating that "a federal court must 'refrain from deciding the dispute if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future.'") (citation omitted)).

## ARGUMENT

### I.    The Court Lacks Jurisdiction Over Plaintiff's Claims.

#### A.  Plaintiff's Challenge To the Withholding of Funding Is Moot.

Since Defendants have already provided the relief requested by Plaintiff, Plaintiff's Complaint is moot. Generally, a dispute is moot "when the issues presented are no longer live or

3

the parties lack a legally cognizable interest in the outcome." *Honeywell Int'l, Inc. v. Nuclear Regul. Comm'n*, 628 F.3d 568, 576 (D.C. Cir. 2010) (citation & quotation marks omitted). One way mootness occurs is when "the court can provide no effective remedy because a party has already obtained all the relief that it has sought." *Conservation Force*, *Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013) (citation, quotation marks, & brackets omitted). For example, a motion or claim to compel agency action is moot when the agency takes the requested action. *See Gray v. Off. of Personnel Mgmt.*, 771 F.2d 1504, 1514 (D.C. Cir. 1985).

Such is the case here. NED's supplemental complaint seeks an injunction "barring Defendants from withholding, blocking, reserving, or otherwise interfering with payment of funds Congress appropriates for grants to the Endowment, including by interfering with the apportionment, obligation, and ultimate disbursement of such funds." Suppl. Compl. Suppl. Prayer for Relief ¶ (D); *see also* PI Proposed Order ¶ 1, ECF No. 63-3. The Complaint sought the same primary relief as that of the preliminary injunction, which was withdrawn by Plaintiff after the funding was fully obligated to Plaintiff. *See* April 1 Order, ECF No. 72.

Thus, these requests are moot because Defendants have taken the requested action. On March 25, 2026, Defendants informed the Court that the State Department had obligated to the Endowment the full $315 million that Congress appropriated for FY2026. *See* Consent Mot. And on March 31, 2026, Plaintiff reported that the FY 2026 funding was available in NED's payment [PMS] account and that "the Endowment received into its bank account the funds that it drew down from its PMS account." March 31 JSR at 1.

In short, Defendants have already done what Plaintiff "ha[s] asked this Court to force the government to do." *González-Vera v. Townley*, 83 F. Supp. 3d 306, 311 (D.D.C. 2015).

4

The entire dispute also remains moot because "the challenged conduct [has] cease[d]." *United States v. Philip Morris USA Inc.*, 566 F.3d 1095, 1135 (D.C. Cir. 2009) (citation omitted). Each of Plaintiff's claims challenges the same conduct, namely that Defendants have failed to apportion, obligate and disburse the FY 2026 funding to NED.  *See* Suppl. Compl. ¶¶ 40-48 (alleging under the APA that withholding of congressionally appropriated funding from NED is arbitrary and capricious and contrary to law) (Count Twelve); *id.* ¶¶ 49-61 (alleging under the APA that "Defendants' failure to apportion, obligate, and disburse the Endowment's fiscal year 2026 funding amounts to both unlawfully withheld agency action and unreasonably delayed agency action.") (Count Thirteen.)  And the FY 2025 funding, which was at issue in the Amended Complaint prior to its supplementation, ECF No. 35, was long ago fully obligated and disbursed.  *See* August 22, 2025 JSR (confirming the obligation and disbursement of the remaining $94,941,000 in FY 2025 funding).

Thus, any allegedly wrongful conduct underlying Plaintiff's complaint has disappeared now that Defendants' have acted on NED's funding, as have the injuries that Plaintiff allegedly is suffering or will suffer.  *See id.* ¶ 60 ("Absent such relief, the Endowment will face irreparable harm, including to its ability to fulfill its mission and to its reputation as a reliable source of funding for democracy and freedom around the world.").

Thus, the entire dispute is moot.  If Plaintiff wants to challenge future conduct, the appropriate means for doing so is to file a new complaint.

### B.  No Exception To Mootness Applies.

Because Plaintiff has received its relief, this case no longer presents a live dispute under the mootness doctrine.  There are two possible exceptions to that doctrine for (1) actions "capable of repetition yet evading review" and (2) a defendant's "voluntary cessation of the relevant

conduct." *Alphabet Workers Union-Commc'n Workers of Am., Loc. 9009 v. NLRB*, 134 F.4th 1217, 1225 (D.C. Cir. 2025) (citation, quotation marks & brackets omitted).  Neither applies here.

*Capable of Repetition Yet Evading Review.*  The capable-of-repetition-yet-evading-review exception requires that "the challenged action be too short in duration to be fully litigated before its cessation or expiration" and that "there be a reasonable expectation that the same complaining party would face the same action again." *Id.* at 1226.

Here, were a similar dispute to arise in the future, such dispute would occur under a different congressional appropriations act for a future fiscal year.  So, any dispute based on future appropriations, which in any event cannot be predicted and which may involve different terms than the current appropriations law (FY 2026), would not be the "same action" but rather a new action requiring a new complaint from the Plaintiff.  As for this dispute, Defendants have obligated the funds appropriated by Congress and disbursed all funds requested by Plaintiff .  *See* Consent Mot. Any future dispute thus will not involve fiscal year 2026 money, and will be based on a different appropriations act.  In other words, any future dispute will be different in multiple material ways from this dispute.

Further, any future action to withhold funding from NED is not "the sort of action which, by reason of the inherently short duration of the opportunity for remedy, is likely forever to evade review." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990) (citation, quotation marks & brackets omitted).  Indeed, as evidenced by the history of this case, every reason exists to believe that, in the ordinary course, there would be "ample time to obtain judicial review" of any similar future action, *id.* at 482.  Plaintiff filed its original Complaint on March 5, 2025.  ECF No. 1.  Since that time, Plaintiff has obtained relief on its original claims about FY 2025 funding and on its

6

supplemental claims about FY 2026 funding.  No funding remains at issue and no relief is needed.

Thus, no urgency exists requiring this case to stay open.

*Voluntary Cessation.*   The voluntary-cessation exception does not apply either.  Courts

recognize this exception to prevent a scenario in which "a defendant could engage in unlawful

conduct, stop when sued to have the case declared moot, then pick up where he left off, repeating

this cycle until he achieves all his unlawful ends."  *Already*, 568 U.S. at 91.  The exception exists

to prevent a defendant "from manipulating the judicial process."  *Alphabet Workers Union-*

*Commc'n Workers of Am., Loc. 9009*, 134 F.4th at 1226 (citation omitted).

The voluntary-cessation exception is not applicable where, as here, an agency takes the

action a plaintiff's suit seeks to compel (as opposed to ceasing allegedly unlawful conduct)

because there is no risk the agency will undo the action.  *See Knox v. Serv. Emps. Int'l Union,*

*Loc. 1000*, 567 U.S. 298, 307 (2012) (explaining that the voluntary cessation exception serves to

prevent a defendant from "resum[ing] . . . the challenged conduct as soon as the case is

dismissed").  Defendants have acted, as confirmed by Plaintiff, by obligating and disbursing FY

2026 funding to NED as sought in NED's supplemental complaint.  *See* March 31 JSR at 1

(noting the full obligation of NED's funding and the receipt of funds into NED's bank account).

Defendants further provided NED and the Court with assurances that all FY 2026 funding draw

down requests "will be paid on the standard timeline in the payment management system."

Consent Mot. at 1; *See also* March 31 JSR at 1-2.  These actions, which are the subject of

Plaintiff's Supplemental Complaint, cannot be undone.  *See Friends of the Earth, Inc. v. Laidlaw*

*Env't Servs. (TOC), Inc.*, 528 U.S. 167, 190 (2000) (explaining that exception is inapplicable

when "it is absolutely clear the allegedly wrongful behavior could not reasonably be expected to

7

recur."); *United States v. W. T. Grant Co.*, 345 U.S. 629, 633 (1953) (case is moot when "there is no reasonable expectation that the wrong will be repeated") (citation omitted).

Thus, the voluntary-cessation exception has no applicability here.

## **CONCLUSION**

Because Defendants have already provided the fundamental relief Plaintiff seeks in the Complaint, the entire case is moot and should be dismissed under Federal Rule of Civil Procedure 12(b)(1).

Dated:          May 29, 2026                    Respectfully Submitted,

                                                BRETT A. SHUMATE
                                                Assistant Attorney General

                                                ALEXANDER K. HAAS
                                                Director, Federal Programs Branch

                                                JOSEPH E. BORSON
                                                Assistant Branch Director
                                                Federal Programs Branch

                                                */s/ Joshua N. Schopf*
                                                JOSHUA N. SCHOPF
                                                United States Department of Justice
                                                Civil Division, Federal Programs Branch
                                                1100 L Street NW
                                                Washington, DC 20530
                                                Tel.:   (202) 514-6314
                                                joshua.n.schopf@usdoj.gov

                                                *Counsel for Defendants*