**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| NATIONAL ENDOWMENT FOR DEMOCRACY,<br><br>*Plaintiff*,<br><br>v.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>*Defendants*. | No. 1:25-cv-648-DLF |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Plaintiff the National Endowment for Democracy (Endowment or NED) respectfully notifies the Court of two recent developments that post-date the briefing on Defendants' motion to dismiss. Both support the Endowment's position that Defendants' motion should be denied.

First, on September 2, 2026, President Trump signed the FY2027 Continuing Appropriations and Extensions Act. *See* Pub. L. No. 119-103 (2026). The continuing resolution carries forward the fiscal year 2026 appropriations language applicable to the Endowment's appropriation. That Congress has enacted materially identical appropriations language for the Endowment—just as it has done in every appropriations act in recent memory—reinforces the conclusion that the legal issues presented here remain live. *See* Opp. to Mot. Dismiss 21 (ECF No. 76) (July 2, 2026) ("There is every reasonable expectation that Congress will again appropriate funds to the Endowment" in fiscal year 2027).

Second, on September 25, 2026, the U.S. District Court for the District of Columbia issued the attached decision in *Global Health Council v. Donald J. Trump*, 2026 WL 2884272. That case concerned, among other things, a challenge to the Executive Branch's decision not to spend funds

Congress appropriated for foreign aid. *Id.* at *1. The defendants urged the court to dismiss the case as moot, arguing in relevant part that the deadline to spend the funds had passed. But the court found that the dispute was a "quintessential example of a case that is capable of repetition but would otherwise evade review." *Id.* at *5. It reasoned that the time it takes to litigate a challenge to a refusal to spend appropriated funds "nearly always" takes longer than the "window to spend the funds." *Id.* And the court also held the agency's decision to withhold funding was "reasonably likely to recur" because "Presidential administrations span multiple fiscal years," and one could reasonably expect that the defendants' "decision to forgo certain spending" would extend beyond a single appropriations cycle. *Id.* at *6. Identical reasoning applies here and supports the Endowment's argument that even if its lawsuit no longer raised a live controversy, it would fall with an exception to mootness. *See* Opp. to Mot. Dismiss 20-25.

Dated: October 9, 2026

Respectfully submitted,

*/s/ Donald B. Verrilli, Jr.*

Donald B. Verrilli, Jr. (D.C. Bar No. 420434)
Ginger D. Anders (D.C. Bar No. 494471)
Jeremy S. Kreisberg (D.C. Bar No. 1048346)
Helen E. White (D.C. Bar No. 1741368)
Esthena L. Barlow (D.C. Bar No. 90000252)
MUNGER, TOLLES & OLSON LLP
601 Massachusetts Avenue NW, Suite 500E
Washington, D.C. 20001
(202) 220-1100
Donald.Verrilli@mto.com
Ginger.Anders@mto.com
Jeremy.Kreisberg@mto.com
Helen.White@mto.com
Esthena.Barlow@mto.com

Gabriel M. Bronshteyn (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
560 Mission Street, Twenty-Seventh Floor
San Francisco, California 94105
(415) 512-4000
Gabriel.Bronshteyn@mto.com

Miranda E. Rehaut (*pro hac vice*)
MUNGER, TOLLES & OLSON LLP
350 S. Grand Avenue, Fiftieth Floor
Los Angeles, California 90071
(213) 683-9100
Miranda.Rehaut@mto.com

*Attorneys for the National Endowment for Democracy*